## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON

**UNITED STATES OF AMERICA**

v.                                    CRIMINAL NO. 2:18-cr-00077

**BRIAN SCOTT MILLER**

### UNITED STATES SENTENCING MEMORANDUM

The United States of America, by Erik S. Goes, Assistant United States Attorney and Perry D. McDaniel, Special Assistant United States Attorney, for the Southern District of West Virginia, offer the following Sentencing Memorandum to address defendant's sentencing range in light of *Gall v. United States*, 552 U.S. 38 (2007). Brian Scott Miller ("defendant") is currently scheduled to be sentenced on October 11, 2018, at 10:30 a.m.

### SENTENCING GUIDELINES -- OFFENSE CONDUCT

The Revised Presentence Investigation Report ("PSR") sets the base offense level at 8. *See* USSG §2Q1.2(a); PSR, Paragraph ("¶") 269. A four-level enhancement applies because the offense involved storage of hazardous waste without a permit. *See* USSG §2Q1.2(b)(4); PSR, ¶¶ 270-71. In addition, a two-level enhancement applies for defendant's role as an "organizer, leader, manager, or supervisor" in the handling of the hazardous waste generated by his business. *See* PSR, ¶ 273. The adjusted offense level is 14. *See* PSR, ¶ 275. Defendant has accepted responsibility for his criminal conduct,

and his total offense level is 12. *See* PSR, ¶¶ 277-78. Defendant's criminal history places him in criminal history category I. *See* PSR, ¶¶ 283-84, 313. Defendant's advisory Guideline range is 10-16 months. *See* PSR, ¶ 313. The maximum term of imprisonment for offense of conviction is five years. *See* 42 U.S.C. § 6928(d)(2)(A); PSR, ¶ 312.

The four-level enhancement for storage without a permit is applicable to defendant's conduct because he was convicted of the illegal storage of hazardous waste without a permit. *See* PSR, ¶¶ 1-2. A permit is "required" for any person to store hazardous waste. 42 U.S.C. § 6925; *United States v. Dean*, 969 F.2d 187, 189 (6th Cir. 1992); *United States v. Johnson & Towers, Inc.*, 741 F.2d 662, 666-67 (3rd Cir. 1984). Defendant's company, Executive Air Terminal, Inc. ("Executive Air"), was exempted from regulation under the Resource Conservation and Recovery Act ("RCRA") due to the small quantity of hazardous waste it generated each month, and was considered a "conditionally exempt small quantity generator." *See* 40 C.F.R. 261.5.[1] However, the exemption came with rules. One of the rules was a prohibition on the storage of more than 1000 kilograms of hazardous waste at any one time. *See* 40 C.F.R. §

---

[1] This memorandum references the federal regulations in effect in September 2015, which were adopted by West Virginia. The federal Hazardous Waste Generator Improvements Rule became effective on May 30, 2017, and made some changes to federal hazardous waste regulations; none of which are relevant to the instant case. The CESQG category was renamed the "very small generator" category.

261.5(g)(2). If that, or any other condition were abrogated, the company would lose its exemption and be prohibited from storing hazardous waste in the absence of a permit. *See* 40 C.F.R. § 261.5(b), (g); *United States v. Southern Union Co.*, 643 F. Supp. 2d 201, 208 (D.R.I. 2009), aff'd 630 F.3d 17 (1st Cir. 2010), rev'd on other grounds, 567 U.S. 343 (2012).

The Court may consider a guided departure based upon the nature and quantity of the hazardous waste, and the risk associated with defendant's conduct. *See* USSG §2Q1.2, comment. (n.8). Defendant had accumulated and stored a significant quantity of hazardous waste by September 2015. Of the 37 drums containing waste fluids, the contents of 27 of the drums were determined to be hazardous. *See* PSR, ¶¶ 6, 256. The total weight of hazardous waste was 3674 kilograms, almost four times the allowable quantity for a conditionally exempt small quantity generator. *Id*. Storage of such a large quantity of hazardous waste presented a safety hazard for the Executive Air employees. *See* PSR, ¶¶ 101, 121-22, 172. The hazardous waste was transported by individuals not licensed to handle hazardous waste, and not required to comply with hazardous waste transportation regulations. *See* PSR, ¶ 6. Therefore, the public was at risk from the ignitable and toxic waste. The United States does not request an upward departure, but contends that a downward guided departure is not justified.

## SENTENCING GUIDELINES -- ROLE IN THE OFFENSE

The two-level increase for defendant's role in the offense is justified. Defendant supervised all aspects of Executive Air's operations, including the storage of hazardous waste. *See* PSR, ¶¶ 6, 199. Defendant had properly hired licensed hazardous waste disposal companies to transport hazardous waste from Executive Air up through 2008. However, from 2008 – 2015, defendant accumulated hazardous waste at the Air Terminal facility and allowed the collection and storage of that hazardous waste. Defendant has admitted that he well knew this storage was not lawful.

In addition, defendant was primarily responsible for the illegal transportation of the drums. Guidelines calculations consider not only a defendant's offense of conviction, but also any relevant conduct. *See* USSG §1B1.3, 1.4; *United States v. Watts*, 519 U.S. 148, 152 (1997); *United States v. Young*, 609 F.3d 348, 357-8 (4th Cir. 2010). Defendant's conduct in directing two separate illegal transportations of hazardous waste is particularly relevant to his role in the instant offense.

In September 2015, defendant decided not to call a licensed hazardous waste hauler to dispose of the 37 drums of waste. *See* PSR, ¶¶ 243, 253. Rather, defendant directed his employees to get rid of the waste. Defendant knew the waste was being transported to property located in rural Kanawha County owned by a former employee. Subsequently, defendant claims he had an epiphany that

4

the initial movement of the drums to the private property was not the right thing to do. Once again, however, defendant chose not to hire a licensed hazardous waste hauler to properly dispose of the waste. Instead, he authorized the unloading of the waste on the individual who cleans the wastewater from car washes. *See* PSR, ¶¶ 98, 145.

Each of the two transportations was done without a hazardous waste manifest, in violation of RCRA. *See* 42 U.S.C. § 6928(d)(5). Each of the two transportations sent the hazardous waste to a facility that did not have a permit to treat, store or dispose of hazardous waste, in violation of RCRA. *See* 42 U.S.C. § 6928(d)(1). The United States has not charged defendant with these crimes, and is not herein contending that defendant's conduct would support charges against him individually. However, defendant acted in contravention of federal law.

## **RESTITUTION AND VICTIMS**

Restitution from defendant in this criminal proceeding is not an issue for sentencing. *See* PSR, ¶¶ 328-31. The West Virginia Department of Environmental Protection ("WVDEP") incurred costs associated with the transportation to and storage of Executive Air's waste at its licensed hazardous waste facility. However, Executive Air reimbursed WVDEP for its costs.

## 18 U.S.C. § 3553(a) FACTORS

The nature and circumstances of the offense would support a sentence within the guidelines. Defendant failed to insure that hazardous waste generated at the Executive Air facility was regularly transported to a facility licensed to store hazardous waste. Defendant remained in compliance from the time he purchased the company in 1996 until 2008. However, from 2008 to September 2015, defendant accumulated and stored hazardous waste at Executive Air simply because he did not want to pay for proper disposal. *See* PSR, ¶¶ 126, 178, 243, 246.

A guideline sentence would promote respect for the law and deter similar criminal conduct. Very small quantity generators of hazardous waste operate with minimal oversight. As such, defendant stored waste at the Executive Air facility for seven years without detection by WVDEP. Defendant had the accumulated hazardous waste removed in 2015 only because a discharged employee threatened to report the safety threat to the Occupational Safety and Health Association. *See* PSR, ¶ 101. A guideline sentence is necessary to deter other generators of ignitable and toxic waste from illegally storing and transporting hazardous waste. There should be no benefit for hazardous waste generators to avoid the cost of safe, proper and legal transportation and disposal of hazardous waste.

**RECOMMENDED CRIMINAL FINE**

The Court may consider a criminal fine in addition to, or in lieu of imprisonment. A conviction for violation of 42 U.S.C. § 6928(d), the storage of hazardous waste without a permit, carries a maximum a fine of up to $50,000 per day of violation. There is only one day of violation specifically identified in the Information and the Plea Agreement, and the maximum fine pursuant to the statute of conviction is $50,000. *See Southern Union Co. v. United States*, 567 U.S. 343 (2012) (if a criminal fine sought by the United States will be based upon violation for multiple days, the United States must identify each day of violation in the charging document or plea agreement). The Alternative Fines Act authorizes a maximum fine based on either the statute of conviction, not more than $250,000 for a felony conviction of an individual, or twice the gross gain or loss, whichever is greater. 18 U.S.C. § 3571(c)(1-3). The United States submits that the financial gain achieved by defendant is the $66,958 cost ultimately incurred by Executive Air for the sampling and disposal of the hazardous waste at a licensed facility. Therefore, the maximum statutory fine is $250,000.

Hazardous waste generators should not benefit from evading the requirements for the legal disposal of hazardous waste. The amount of hazardous waste stored at defendant's facility in September 2015 was the result of defendant's unwillingness to pay

for the legal disposal of the waste.  This Court should consider a fine of $133,916, an amount equal to twice the financial gain realized by defendant by not paying for proper storage of hazardous waste.

This Court may consider a criminal fine against defendant's corporation in *United States v. Executive Air Terminal, Inc*., 2:18-cr-00076, in which case the offsetting fines provision of USSG §8C3.4 may apply.

## **TIME AND WITNESS**

Absent a stipulation between the parties, the United States may call U.S. Environmental Protection Agency Special Agent Nicholas Gillispie to testify that the cost of sampling and disposal of the illegally stored drums was $66,958.  Thirty minutes should be sufficient to conduct the sentencing hearing.

Respectfully submitted,

MICHAEL B. STUART
United States Attorney


s/Erik S. Goes
ERIK S. GOES
Assistant United States Attorney
WV State Bar No. 6893
300 Virginia Street, East
Room 4000
Charleston, West Virginia 25301
Telephone:  304-345-2200
Fax: 304-347-5104
E-mail: erik.goes@usdoj.gov


s/Perry D. McDaniel
PERRY D. McDANIEL
Special Assistant United States Attorney
WV State Bar No. 4999
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone:  304-345-2200
Fax:  304-347-5104
Email:  perry.mcdaniel@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that service of the foregoing "UNITED STATES SENTENCING MEMORANDUM" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this the 4th day of October, 2018, to:

>    Mychal S. Schulz, Attorney
>    Christopher B. Power, Attorney
>    Babst Calland, Clements & Zomnir, P.C.
>    300 Summers Street
>    Suite 1000
>    Charleston, West Virginia 25301

>    s/Erik S. Goes
>    ERIK S. GOES
>    Assistant United States Attorney
>    WV State Bar No. 6893
>    300 Virginia Street, East
>    Room 4000
>    Charleston, West Virginia 25301
>    Telephone:  304-345-2200
>    Fax:  304-347-5104
>    E-mail:  erik.goes@usdoj.gov


>    s/Perry D. McDaniel
>    PERRY D. McDANIEL
>    Special Assistant United States Attorney
>    WV State Bar No. 4999
>    300 Virginia Street, East
>    Room 4000
>    Charleston, WV 25301
>    Telephone:  304-345-2200
>    Fax:  304-347-5104
>    Email:  perry.mcdaniel@usdoj.gov